UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

*In re*:                                            CASE NO. 91-31884-BKC-RAM

PIPER AIRCRAFT CORPORATION,          CHAPTER 11

       Debtor.

_____/

## MOTION TO REOPEN CHAPTER 11 CASE

Pursuant to 11 U.S.C. §§ 105(a) and 350(b), Federal Rule of Bankruptcy Procedure 5010 and Local Rule 5010-1, Howard Berlin, Trustee (the "***Trustee***") of the Piper Aircraft Corporation Irrevocable Trust (the "***Trust***"), files this *Motion to Reopen Chapter 11 Case* (the "***Motion***"). The Trustee seeks an order reopening the Chapter 11 case, Case No. 91-31884-BKC-RAM, *In re Piper Aircraft Corporation* (the "***Bankruptcy Case***") to enforce the Plan, Confirmation Order, the Trust Agreement, and the Settlement Agreement,[1] all of which contain express language retaining or providing for jurisdiction in this Court, and to exercise jurisdiction to resolve disputes between the Trustee and Piper Aircraft, Inc. ("***New Piper***") as discussed below.

### Background and Relevant Facts

#### A. The Bankruptcy Case

1.      Piper Aircraft Corporation ("***Old Piper***") filed a Chapter 11 petition in this Court on July 1, 1991.

2.      The *First Amended Joint Chapter 11 Plan of Reorganization of the Debtor, the Official Committee of Unsecured Creditors of Piper Aircraft Corporation, Newco PAC, Inc.,*

---

[1]    Each defined below.

*Teledyne Industries, Inc. and Dimeling, Schreiber and Park* [ECF No. 861] (the "**Plan**")[2] was confirmed on July 11, 1995. The Confirmation Order [ECF No. 2201] became final on or around July 25, 1995, and expressly approved the terms and conditions of both the Plan and the Irrevocable Trust Agreement (as amended, supplemented, or otherwise modified from time to time, the "**Trust Agreement**") for the Trust established to implement the Plan. All three documents contained broad retention of jurisdiction language.

3.      Since 1995, the Trust has operated very successfully. On November 8, 2021, the Trustee filed his Final Report of Estate and Motion for Final Decree Closing Case [ECF No. 3253], as amended by that Amended Final Report of Estate and Motion for Final Decree Closing Case [ECF No. 3256]. On December 28, 2021, a final decree was entered and the Bankruptcy Case was closed [ECF Nos. 3259 and 3260].

**B.  The Settlement Agreement**

4.      On April 16, 2015, while the Bankruptcy Case was still open, New Piper filed its Amended Motion to Ratify the Trustee's Extension of the Piper Aircraft Corporation Irrevocable Trust or, in the Alternative, to Extend the Term of the Trust and for Other Relief [ECF No. 3089] (the "**Motion to Ratify**"). In that Motion, New Piper sought to: (a) ensure the validity of certain amendments to the Trust Agreement, including the effectiveness of an amendment extending the term of the Trust; and (b) to require the mediation of other issues between the parties.

5.      On July 20, 2015, the Court entered its Agreed Order on the Motion to Ratify [ECF No. 3136], which extended the term of the Trust through January 1, 2050 and directed the Trustee and New Piper to mediation.

6.      On April 7, 2016, following extensive settlement negotiations, and to resolve

---

[2]      Undefined capitalized terms have the meanings ascribed to them in the Plan.

certain disputes concerning the Trust and maintain a healthy business relationship, New Piper and the Trustee entered into a Comprehensive Settlement Agreement (the "***Settlement Agreement***").

### C. The State Court Case

7.      On January 23, 2024, New Piper filed a two-count Complaint for Judicial Modification of Trust and Related Relief (the "***Complaint***") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-000302-CP-02 (the "***State Court Case***"). A copy of the Complaint is attached as **Exhibit A**.

8.      Count I seeks judicial modification of the Trust Agreement. Count II requests review of the Trust's administrative expenses should the Trust be modified and assets transferred to New Piper. As relief, New Piper seeks a judicial modification of the Trust resulting in a $60 million distribution to New Piper as the remainder beneficiary and to review the reasonableness of the Trust's administrative expenses should such assets be distributed to New Piper.

9.      The Trustee believes that the issues raised in the State Court Case are primarily addressed by the Settlement Agreement, either directly or indirectly, because the Settlement Agreement's scope encompasses, among other things, Trust administration, claims administration, compensation, and the financial management of the Trust.

10.     Recently, and in a good faith effort to resolve their disputes, the parties entered into a mediation agreement. As part of that agreement, and to ensure the parties preserve their rights, the parties contemplated a procedure where: (1) the Trustee will file this Motion to Reopen along with a timely notice to remove the State Court Case; (2) Piper will then file a timely motion to remand/abstain; and (3) the parties will then jointly seek a stay to preserve the status quo while they mediate to try to resolve all disputes.

11.     As shown below, the law supports the Court exercising its discretion to reopen the Bankruptcy Case to resolve disputes between the Trustee and New Piper. In addition to being extremely familiar with the Trust, the Trust Agreement, the Trustee, and New Piper, the Court also retained jurisdiction over all matters relating to the Plan, Trust Agreement, and Confirmation Order.

## Jurisdiction and Venue

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

13.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

14.     The statutory predicates for the relief requested herein are sections 105(a) and 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010, and Local Rule 5010-1.

## Legal Argument and Authorities

Bankruptcy Rule 5010 provides that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Bankruptcy Code section 350(b) in turn provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Trust was established through implementation of the Plan, and the Trustee is certainly a party in interest entitled to move to reopen a case under Bankruptcy Rule 5010 for the reasons stated in § 350(b) of the Bankruptcy Code.

"While the Code does not define 'other cause' for purposes of reopening a case under section 350(b), the decision to reopen or not is discretionary with the court, which may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *See In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997) (quoting 3

4

*Collier on Bankruptcy*, ¶ 350.03[5]). Section 350(b) "gives the court broad discretion in the reopening of a case." 3 *Collier on Bankruptcy* ¶ 350.03[5]. "Whether to grant such a motion depends primarily on the equities of the situation and the prejudice to any objecting party." *In re Losada*, 557 B.R. 244, 256 (Bankr. S.D. Fla. 2016). Other factors to consider include the length of time the case was closed and whether it is clear that no relief would be forthcoming if the case was reopened. *In re Sundale, Ltd.*, 07-21016-BKC-RAM, 2021 WL 1536422, at *5 (Bankr. S.D. Fla. Apr. 19, 2021), *citing In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017).

Also, bankruptcy courts, as the Court did here for many years, retain post-confirmation jurisdiction if a chapter 11 plan provides for it. *See, e.g.*, *In re FiberMark, Inc.*, 369 B.R. 761, 765 (Bankr. D. Vt. 2007). Bankruptcy courts also retain jurisdiction to enforce their orders. *See, e.g.*, *In re Buxton*, 08-25571-EPK, 2011 WL 4501159, at *10 (Bankr. S.D. Fla. Apr. 8, 2011); *see also Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 969 (11th Cir. 2012) ("When, in a Chapter 11 case, a bankruptcy court issues an order confirming a reorganization plan, that court retains postconfirmation jurisdiction to complete any action pertinent to the plan.").

Many courts have found sufficient cause to reopen bankruptcy cases and to assert ancillary postconfirmation and postclosing jurisdiction where critical documents retained jurisdiction. *See, e.g., In re Synergistic Techs., Inc.*, 213 B.R. 472, 474–75 (Bankr. E.D. Va. 1997) (exercising ancillary jurisdiction to enforce settlement agreement post-bankruptcy dismissal as "relating to the court's power to protect its proceedings and vindicate its authority"); *In re Ionosphere Clubs Inc.*, 262 B.R. 604, 613 (Bankr. S.D.N.Y. 2001) (finding jurisdiction over disputes relating to claims arising after a settlement and the entry of a final decree where the confirmation order provided that court would retain jurisdiction); *Gulf Ins. Co. v. Glasbrenner*, 343 B.R. 47, 56 (S.D.N.Y. 2006), *aff'd sub nom. Gulf Ins. Co. v. Caldor Corp.*, 273 Fed. Appx.

90 (2d Cir. 2008) (finding ancillary jurisdiction and stating "[c]learly the bankruptcy court is uniquely qualified to determine whether to vacate or enforce orders it previously issued in the underlying bankruptcy case, over which it had unquestioned jurisdiction"); *In re Allegheny Health, Educ. & Research Found.*, 383 F.3d 169, 176 (3d Cir. 2004) (finding that the bankruptcy court retained post-dismissal jurisdiction over a lawsuit and a counterclaim "[b]ecause the bankruptcy court correctly determined that [appellant]'s suit to vacate the arbitration award and [appellee]'s counterclaim to enforce it required the court to interpret [its previously entered] sale orders"); *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (noting that even where the bankruptcy court "is not actually construing or enforcing its own orders, but enforcing the reversal of one its of orders, the principle is the same; the latter is merely a corollary of the first").

This Court has jurisdiction to resolve disputes between the Trustee and New Piper relating to the Trust Agreement because the Plan, the Confirmation Order, and Trust Agreement all contain broad retention of jurisdiction language:

- Article 9 of the Trust Agreement: "The Court shall have jurisdiction over those matters reserved to the Court under this Agreement and the Plan, including, without limitation, the determination of all controversies and disputes arising under or in connection with this Agreement."[3]

- Article XVII of the Plan: "[T]he Court shall retain jurisdiction for the following purposes: … (J) to enforce all orders, judgments, injunctions and rulings entered in connection with the [Bankruptcy] Case and the Trust Agreement; … (K) to determine such other matters that may be set forth in the Permanent Channeling Injunction, or that may arise in connection with the Permanent Channeling Injunction; … (M) to enter such orders as may be necessary or appropriate in aid of confirmation to facilitate implementation of the Plan and Trust Agreement[.]"

---

[3]    While the Trust Agreement has been amended several times since July 1995, most recently in 2022, Article 9 and the language quoted above remains unchanged from the original.

- Paragraph 35 of the Confirmation Order: "This Court shall retain jurisdiction over parties and to resolve issues in accordance with the terms of the Plan, the other provisions of this Order, and § 1142 of the Bankruptcy Code."

Further, paragraphs 3 and 4 of the Confirmation Order expressly approved the terms and conditions of both the Plan and the Trust Agreement, which included the retention of jurisdiction language quoted above. Additionally, this Court's extensive knowledge about all major issues in the Bankruptcy Case and the parties involved further supports the Court exercising its discretion to reopen the Bankruptcy Case. Doing so will promote judicial economy and save all parties substantial time and money.

In *FiberMark*, after first determining that it had jurisdiction, the bankruptcy court found that cause existed to exercise its discretion to reopen a case to adjudicate a dispute concerning the interpretation of key employee severance and retention plans that were approved during the pendency of the bankruptcy case, notwithstanding that such employment disputes would normally fall within the purview of a state court. 369 B.R. at 769-70. The court noted that it had overseen the case from inception to final decree, and thus was "intimately familiar with the issues in the case" and was "in the best position to adjudicate the subject dispute expeditiously." *Id.* at 769. The court further supported its determination by explaining that: (1) it had conducted a hearing on the employee plans and was well-positioned to adjudicate claims relating to those documents and in the context of the chapter 11 case generally; (2) litigating in bankruptcy court did not appear to be inconvenient to the parties; and (3) sending the case to state court would serve no useful purpose and would waste resources already invested by the parties and the court. *Id.*

Very similar circumstances exist here. The Court retained jurisdiction over the parties and the issues based on the broad retention language in the key documents, including the Plan,

Trust Agreement, and Confirmation Order. This Court is intimately familiar with this Bankruptcy Case, as it was pending before the Court for thirty years, and the Court conducted many hearings over those years relating to the Trust, the Trust Agreement, and New Piper, leaving it in the "best position" to "expeditiously" adjudicate claims stemming from or related to the same documents and parties. *In re FiberMark*, 369 B.R. at 769.  There is no reason that litigating in this Court should be more inconvenient to any party than litigating in state court given the substantial resources already invested by the Court, the Trustee, and New Piper over the many years of the Bankruptcy Case. The equities of the situation and the other factors commonly examined by courts also support reopening the Bankruptcy Case. After having been open for over 30 years, the Bankruptcy Case has only been closed for just over two years, and there would be no prejudice to either party if the Bankruptcy Case were reopened. This is not a case where no relief would be forthcoming if the Bankruptcy Case were reopened. Rather, the Court has jurisdiction to provide relief to either New Piper or the Trustee.

## <u>Conclusion</u>

These parties have appeared before this Court on Trust related issues for the better part of the last 30 years. The Plan, Confirmation Order, and Trust Agreement all contain the required language for jurisdiction to resolve Trust-related disputes to remain with this Court, despite closure of the Bankruptcy Case. Each of the equitable factors that courts commonly examine in determining whether to reopen a bankruptcy case weighs heavily in favor of reopening the Bankruptcy Case.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order: (1) granting this Motion; (2) reopening the Bankruptcy Case; and (3) granting any other such relief the Court deems just and proper.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

Dated: February 21, 2024.                    Respectfully submitted,

*s/ Meaghan E. Murphy*
Eric W. Ostroff, Esquire
Florida Bar No. 10130
eostroff@melandbudwick.com
Meaghan E. Murphy, Esquire
Florida Bar No. 102770
mmurphy@melandbudwick.com
MELAND BUDWICK, P.A.
200 South Biscayne Boulevard, Suite 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

and

James N. Robinson, Esquire
Florida Bar No. 608858
jrobinson@whitecase.com
Zachary B. Dickens, Esquire
Florida Bar No. 98935
zdickens@whitecase.com
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Attorneys for Howard J. Berlin, Trustee*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 21, 2024, via the Court's Notice of Electronic Filing upon the parties listed on the attached **<u>Exhibit 1</u>** and via U.S. Mail upon the parties listed on the Manual Notice List.

*<u>s/ Meaghan E. Murphy</u>*
Meaghan E. Murphy, Esquire

10

<u>**EXHIBIT 1**</u>

**Electronic Mail Notice List**

The following is the list of <u>**parties**</u> who are currently on the list to receive email notice/service for this case.

- **Vincent F Alexander**    valexander@shutts.com, jkerr@shutts.com
- **Scott L. Baena**    sbaena@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Barry S Balmuth**    barryb@flboardcertifiedlawyer.com, karenb@flboardcertifiedlawyer.com
- **Brian S Behar**    bsb@bgglaw.net, jgarcia@bgglaw.com
- **Howard J Berlin**    hberlin@melandbudwick.com
- **Nancy E Crown**    ncrown@crystaltitle.net
- **C Craig Eller**    celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Robert C Furr**    ltitus@furrcohen.com, atty_furrcohen@bluestylus.com;staff1@furrcohen.com
- **James D Gassenheimer**    jgassenheimer@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **John H Genovese**    jhgenovese@venable.com, hebruke@venable.com;jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdrive.com
- **Gregory S Grossman**    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com
- **Stephen B Grow**    , hversteeg@wnj.com
- **Dana L Kaplan**    dana@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;sarah@kelleylawoffice.com;laurie@kelleylawoffice.com
- **Paul J. Keenan, Jr.**    paul.keenan@bakermckenzie.com, bkcyecf@bakermckenzie.com
- **Tony P Korvick**    tkorvick@porterandkorvick.com
- **Susan D. Lasky**    ECF@suelasky.com, ecfsuelasky@gmail.com;r48532@notify.bestcase.com
- **Michael C Markham**    mikem@jpfirm.com, minervag@jpfirm.com;angelinal@jpfirm.com;katherineb@jpfirm.com
- **Jerry M Markowitz**    jmarkowitz@mrthlaw.com, ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com, markowitzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com,msalazar@mrthlaw.com
- **Robert C Meacham**    rcm@trippscott.com, lkr@trippscott.com;nfp@trippscott.com
- **Lorin Louis Mrachek**    lmrachek@pm-law.com, abourget@mrachek-law.com;mchandler@pm-law.com;dkelly@mrachek-law.com;blewter@mrachek-law.com;tclarke@mrachek-law.com;dkelly@mrachek-law.com
- **Meaghan E Murphy**    mmurphy@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com;mmurphy@ecf.courtdrive.com

- **Ari Newman**    newmanar@gtlaw.com,
  perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- **Timothy J Norris**    tjnorris@duanemorris.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Eric Ostroff**    eostroff@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;eostroff@ecf.courtdrive.com;l
  tannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **John E Page**    jpage@slp.law,
  dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdriv
  e.com
- **Eric S Pendergraft**    ependergraft@slp.law,
  dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Chad P Pugatch**    ecf.pugatch@loriumlaw.com
- **Patricia A Redmond**    predmond@stearnsweaver.com,
  jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;m
  fernandez@stearnsweaver.com
- **David L Rosendorf**    dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com
- **David L Rosendorf**    dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com
- **Lisa M Schiller**    lschiller.ecf@rprslaw.com,
  leveret@mcglinchey.com;lponce@mcglinchey.com
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov
- **Paul Steven Singerman**    singerman@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Jeffrey I. Snyder**    jsnyder@bilzin.com,
  eservice@bilzin.com;lflores@bilzin.com;jeffrey-snyder-9959@ecf.pacerpro.com
- **Richard J Stone**    rich@rjstonelaw.com
- **Deborah Talenfeld**    dtalenfeld@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Frank P Terzo**    lnegron@gray-robinson.com;frank.terzo@gray-robinson.com
- **Charles W Throckmorton**    cwt@kttlaw.com, mc@kttlaw.com;ycc@kttlaw.com
- **Allen R Tomlinson**    atomlinson@jonesfoster.com, mbest@jonesfoster.com

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**ABC Aviation**
Montoyerstraat 1
Brussel,

**Geoffrey S Aaronson**
2525 Ponce De Leon Blvd
Coral Gables, FL 33134

**Edmund J Adams**
201 E 5 St #2200
Cincinnati, OH 45202

**Linda A Aikens**
1616 N Ft Myer Dr
Arlington, VA 22209

**Joel M Allred**
68 S Main St #800
Salt Lake City, UT 84101

**Alma Products Co**
2000 Michigan Ave
Alma, MI 48801

**Donald Anderson**
2926 Piper Dr
Vero Beach, FL 33961

**Tuck Arnold**
2329 India St
San Diego, CA 92101

**Arnold & Arnold Inc**
2329 India St
San Diego, CA 92101

**Art Scholl Aviation Inc**
1700 W Miro Way
Railto, CA 92376

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Edward Artes-Roy**
4120 Oak Circle
Boca Raton, FL 33431

**Joseph J Asselta**
750 7 Ave
New York, NY 10019

**BF Goodrich Aerospace**
250 N Cleveland-Massillon Rd
Akron, OH 44334

**John S Bagby**
1600 Market St #1920
Philadelphia, PA 19103

**Paul M Baisier**
191 Peachtree St
Atlanta, GA 30303

**Daniel L Bakst**
POD 3948
West Palm Beach, FL 33402

**Seth H Barsky**
300 E Maple Rd #350
Birmingham, MI 48009

**Seth H Barsky**
300 E Maple Rd #350
Birmingham, MI 48009

**Jeffrey H Beck**
POB 1900
200 E Broward Blvd 15 Fl
Ft. Lauderdale, FL 33302

**Robert G Begam**
111 W Monroe #1400
Phoenix, AZ 85003

**Duane Belevich**
c/o John L Grayson
1330 Post Oak Blvd #3030
Houston, TX 77056

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**John M Belew**
500 E Main #208
Batesville, AR 72501

**John M Belew**
500 E Main #208
Batesville, AR 72501

**John H Bennett**
1100 Louisiana #1700
Houston, TX 77002

**George J Berger**
501 W Broadway #900
San Diego, CA 92101

**Mitchell W Berger**
100 NE 3 Ave #400
Ft. Lauderdale, FL 33301

**Morris I Berger**
c/o Howard J Berlin
201 S Biscayne Blvd 17 Fl
Miami, FL 33131

**Howard J Berlin**
201 S Biscayne Blvd 17 Fl
Miami, FL 33131

**Robert C Biegen**
2665 S Bayshore Dr #201
Miami, FL 33133

**Leonard H Bloom**
1101 Brickell Ave
Miami, FL 33131

**Linda S Bloom**
POB 218
Alburquerque, NM 87103

**Richard W Blyler**
5429 Beaumont Center Blvd #800
Tampa, FL 33634

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Boslough Construction Inc**
c/o Francis J Nosek Jr.
310 K St #601
Anchorage, AK 99501

**Benny F Bridgman**
2341 Hwy 52 Alt
Chatsworth, GA 30705

**Calvin B Brown**
756 Beachland Blvd
POB 3686
Vero Beach, FL 32964

**George K Bryant**
8917 Linton Ln
Alexandria, VA 22308

**E John Brzytwa**
The East Ohio Bldg 14 Fl
Cleveland, OH 44114

**Jon H Burrows**
POB 1260
Temple, TX 76503

**Franklin G Burt**
777 Brickell Ave #500
Miami, FL 33131

**Alana Busch-Ell**
POB 310
999 B West Main St #202
Waupun, WI 53963

**David B Byrne Jr**
POD 1470
210 Commerce St
Montgomery, AL 36102

**Douglas E Bywater**
2704 Chain Bridge Rd
Vienna, VA 22181

16

**CTC Co Inc**
482 Park Barrington Dr
Barrington, IL 60010

**Ronald Cabaniss**
800 N Magnolia Ave #1800
Orlando, FL 32802

**E Barclay Cale Jr**
200 S Biscayne Blvd #5300
Miami, FL 33131-2339

**William H Callaway Jr**
888 17 St NW #600
Washington, DC 20006

**Oscar R Cantu**
701 Brickell Ave #2100
Miami, FL 33131

**Gary M. Carman**
201 S Biscayne Blvd #400
Miami, FL 33131

**Francis L Carter**
One SE 3rd Ave # 2800
Miami, FL 33131

**Frances P Casey**
Rt 2 Box 232H
Leonard, TX 75452

**Joseph Chicco**
1515 Market St
Phil, PA 19102

**Douglas A Christensen**
24 N 4 St
POB 5758
Grand Forks, ND 58206

**Cincom Systems Inc**
2300 Montana Ave
Cincinnati, OH 45211

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Robert L Clark**
POB 1367
Conway, AR 72032

**Claudia King & Associates, Inc.**
66 York St
Jersey City, NJ 07302

**Kathleen Cleveland**
c/o Daniel C. Cathcart
1900 Avenue of the Stars
Suite 650
Los Angeles, CA 90067-5899

**Jim Cole**
POD 510
Victoria, TX 77902

**Columbia Air Services Inc**
Groton-New London Airport
Groton, CT 06340

**Commercial Plastics & Supply Corp**
3815 Commerce Loop
Orlando, FL 32808

**Tanya M Comparetto**
200 Lake Morton Dr #100
Lakeland, FL 33801

**Bernard J Coogan**
POB 3097
18281 Edison Ave
Chesterfield, MO 63006

**Terrence A Corrigan**
1 New York Plaza
New York, NY 10004

**Andrew Cotzin**
201 S Biscayne Blvd #3000
Miami, FL 33131

**John W Cowden**
POB 13566
Kansas City, MO 64199

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Paul D Cowing**
1000 Walnut St #1400
Kansas City, MI 64106

**Mark A Cox**
127 NW 10
Oklahoma City, OK 73103

**Jack R Crews**
POB 1260
Temple, TX 76503

**Nathaniel G Criss**
4206 79 St
Vero Beach, FL 32967

**Barbara A Curtis**
POB 21607
Ft. Lauderdale, FL 33335

**DAC Intl Inc**
c/o Jeremy Gilman Esq
850 Euclid Ave #1100
Cleveland, OH 44114

**Karen Dahl**
HCI Box 201
Sulol, MN 56756

**Dames & Moore/Fred Erdmann**
644 Linn St #501
Cincinnati, OH 45202

**Calvin F. David**
2950 SW 27 Ave #100
Miami, FL 33133

**Jose F De Leon**
POB 14198
Washington, DC 20044

**Anthony J DeLaurentis**
1133 19th Street NW
Washington, DC 20036

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**B Buzz Deitchman**
5337 Spring Valley Rd
Dallas, TX 75240

**Gerard A Del Grippo**
7 E. Water St
Lock Haven, PA 17745

**Dept of Taxation & Finance NY**
Bldg 9 Room 101
Albany, NY 12227

**James A Dillian**
9636 NE 2nd Ave #C
Miami Shores, FL 33138

**Mark A Dombroff**
1025 Thomas Jefferson St NW
Washington, DC 20007

**Leonard S Dome**
1 Battery Park Plaza
New York, NY 10004

**Dowty Aerospace Aviation Services**
c/o Teo Cheow Tong
21 Loyang Crescent
Singapore, 01750

**ElectroLab II Inc**
4502 W South Ave
Tampa, FL 33614

**Engineered Fabrics Corp**
669 Goodyear St
Rockmart, GA 30153

**Faulkner Plastics**
POB 7035
Troy, MI 48007

**W. Keith Fendrick**
POB 3433
Tampa, FL 33601

20

**Lance Fenstermacher**
59 E 72 St
New York, NY 10021

**Wayne E Ferrell Jr**
POB 24448
Jackson, MS 39255

**Michael J Ferrin**
1400 Centrepark Blvd #909
West Palm Beach, FL 33401

**Fike Corporation**
704 South 10th Street
P.O. Box 610
Blue Springs, MO 64013

**Alan S Fine**
200 S Biscayne Blvd #3100
Miami, FL 33131

**Alan S Fine**
200 S Biscayne Blvd #3100
Miami, FL 33131

**Luanna Day Finster**
c/o George T Waddoups
4252 S 700 E
Salt Lake City, UH 84107

**Yale J Fishman**
16300 NE 19 Ave #244
North Miami Beach, FL 33162

**Gerald K Flagg**
34405 W 12 Mile Rd #151
Farminton Hill, MI 48331

**Flight Data Ctr**
34 S River St
Wilkes-Barre, PA 18701

**Henry Flores**
601 Travis #2600
Houston, TX 77002

21

**Raymond M Forster**
2020 K St NW
Washington, DC 20006

**Mark R Fox**
1000 Michigan National Tower
Lansing, MI 48933

**Brent A Friedman**
c/o Paul S Singerman
200 S Biscayne Blvd #1000
Miami, FL 33131

**Steven Friedman**
25 SE 2 Ave #909
Miami, FL 33131

**James H Fritz**
200 E Sand Pointe Ave #580
Santa Ana, CA 92701

**Mark T. Fryauf**
1601 Elm St #3000
Dallas, TX 75201

**Donald L Gaffney**
3100 Valley Bank Center
Phoenix, AZ 85073

**Douglas W Gaidry**
3675 20 St #E
Vero Beach, FL 32960

**General Aviation Technical Services Inc**
POB 73
Lock Haven, PA 17745

**Generalvertretung Deutschland A.G.**
c/o Joel L Tabas Esq
25 SE 2 Ave #919
Miami, FL 33131

**Richard E Genter**
1710-12 Locust St
Philadelphia, PA 19103

22

**Thomas L Ghetti**
c/o David Epstein
191 Peachtree St
Atlanta, GA 30303

**Deborah Ginotti**
15690 Green Lane Avenue
Livonia, MI 48154

**John D Goldsmith**
POB 1102
Tampa, FL 33601

**Richard M Goldstein**
2 S Biscayne Blvd #3250
Miami, FL 33131

**Gordon Air Mgmt**
c/o Douglas Savage Esq
POB 19011
North Canton, OH 44720

**James N Gorsline**
191 Peachtree St 49 Fl
Atlanta, GA 30303

**John L Grayson**
1330 Post Oak Blvd #3030
Houston, TX 77056

**Charles Greenough**
15 E 5 St #3300
Tulsa, OK 74103

**John B Grier**
112 W Church St
Marshalltown, IA 50158

**Clifford Hahn**
c/o Paul S Gregory Esq.
POB 345
Osborne, KS 67473

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Joseph L Haines**
44 N 6 St
POB 8521
Reading, PA 55193

**Dennis M Hall**
POB 7600
Atlanta, GA 30357

**Rex A Hammarback**
404 4 St NW #1B
POB 4
East Grand Forks, MN 56721

**Thomas R Harkness**
POB 1802
Austin, TX 78767

**Carla K Harned**
c/o Martin Reidinger
72 Patton Ave
Asheville, NC 28801

**Grover C Harned**
c/o Martin Reidinger
72 Patton Ave
Asheville, NC 28801

**Stephen M Harnik**
405 Lexington Ave
New York, NY 10174

**Harry's Transport Equipment S&S Inc**
227 SW 29 St
Ft. Lauderdale, FL 33315

**Henry J Clarke Ltd**
Cottesmore
Westhall Hill
England,

**Glen L Hessler**
1785 35 Ave
Vero Beach, FL 32960

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Richard S Hildreth**
63 Westview Ct
Melbourne, FL 32934

**John Hodkin**
135 Pinelawn Rd
Melville, NY 11747

**Mark D Holloway**
55 Glade Path
Hampton, NH 03842

**John Howie**
3811 Turtle Creek Blvd #1900
Dallas, TX 75219

**Roger C Hurd**
8295 N Military Tr #A
Palm Beach Gardens, FL 33410

**IBM Corporation**
P O Box 2489
Atlanta, GA 30301

**Thomas E Ice**
9636 NE 2 Ave #C
Miami Shores, FL 33138

**Indian River County Tax Collector**
PO Box 1509
Vero Beach, FL 32961-1509

**Indian River Memorial Hospital Inc**
P.O. Box 1509
Vero Beach, FL 32961-1509

**JM Clipper Corporation**
P.O. Drawer 632340
Nacogdoches, TX 75963-2340

**Joryn Jenkins**
101 E Kennedy Blvd #2650
Tampa, FL 33602

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**David L. Joers**
1601 Elm St #1950
Dallas, TX 75201

**Nancy E Johnson**
1209 Hilltop Dr
Palestine, TX 75801

**Bernard A Jones**
2236 19 Ave SW
Vero Beach, FL 32962

**Regina A Jones**
510 Walnut St 12 Fl
Philadelphia, PA 19106

**Stephen Kaye**
20355 NE 34 Ct #1929
North Miami, FL 33180

**Stephen P. Kenney**
115 S. LaSalle St
Chicago, IL 60603

**Michael E Kernan**
c/o John H Genovese
201 S Biscayne Blvd #400
Miami, FL 33131

**William H Kiekhofer III**
515 S Flower St 46 Fl
Los Angeles, CA 90071

**Pamela King**
150 4 Ave N #2000
Nashville, TN 37219

**Pamela King**
150 4 Ave N #2000
Nashville, TN 37219

**Diana Phillips Kinzie**
7229 NW 82 Ct
Okeechobee, FL 34972

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Steven J Kluz**
333 S 7 St #2000
Minnesota, MN 55402

**Joel S Knee**
6565 Taft St #400
Hollywood, FL 33024

**Korean Air Lines Co., Ltd.**
c/o Mark D Bloom
1221 Brickell Ave
Miami, FL 33131

**Karen Kugell**
2626 W Oakland Pk Blvd #206
Ft. Lauderdale, FL 33311

**Wray Ladine**
1601 I St 5 Fl
Modesto, CA 95354

**Bruce A Lampert**
11870 Airport Way
Broomfield, CO 80021

**Lori L Lasher**
1650 Market St #2500
Phil, PA 19103

**Madelyn C Law**
2555 Telegraph Rd 3 Fl
Bloomfield Hills, MI 48302

**Lehman Brothers, Inc.**
c/o Becket and Lee
POB 3001
Malvern, PA 19355

**Alan T. Levesque**
City Place I
Hartford, CT 06103

**Charles H. Lichtman**
100 SE 2 St #3600
Miami, FL 33131

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**C Randolph Light**
405 Madison Ave #800
Toledo, OH 43604

**Robin A Lloyd**
660 Beachland Blvd #201
Vero Beach, FL 32963

**Troy Lorenz**
PO Box 2798
Bismarck, ND 58502

**John T. Lortie**
51 SW 1 Ave #1114
Miami, FL 33130

**Dallas P Lutz**
665 Waterwood Way
Melbourne, FL 32940

**MAC Papers Inc**
POB 5369
Jacksonville, FL 32247

**MCI Telecommunications Corp**
c/o Hillary B Burchuk Esq
1133 19 St NW
Washington, DC 20036

**David W Marston**
1650 Market Pl #2500
Phil, PA 19103

**Thomas A Masterson**
2000 1 Logan Sq
Philadelphia, PA 19103

**Raymond H Mathisen**
1401 Brickell Ave #801
Miami, FL 33131

**Gustave O Mattia**
32 Ogden Ave
White Plains, NY 10605

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Debra K Maurer**
501 W Broadway
#1400
San Diego, CA 92101

**Andrew K Mauthe**
611 Anton Blvd #780
Costa Mesa, CA 92626

**W Thomas Mc Ghee**
555 Washington Ave 6 Fl
St Louis, MO 63101

**Gary M McDonald**
320 S Boston Ave #500
Tulsa, OK 74103

**Stephanie A. McEwan**
c/o Wylie A Aitken
600 W Santa Ana Blvd #1100
Santa Ana, CA 92701

**Kenneth S McGlothlin**
1759 25 Ave
Vero Beach, FL 32960

**F C McMaster**
329 S Topeka
Wichita, KA 67202

**Fred J Meier**
1601 Elm St #3000
Dallas, TX 75201

**Fred J. Meier**
1601 Elm St #3000
Dallas, TX 75201

**John P Melko**
601 Travis #6901
Houston, TX 77002

**Keith J Merrill**
1320 S Dixie Hwy #731
Coral Gables, FL 33146

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Kenneth R Miles**
3623 Sailfish Ave
Fruitland Park, FL 34731

**Rachel Miller**
c/o Peter M smith
333 W Hampton Ave #1000
Englewood, CO 80110

**Milliman & Robertson Inc**
2 Pennsylvania Plaza
New York, NY 10001

**Jon Martin Mills**
2219 Forest Park Drive
Anchorage, AK 99517

**James E Millstein**
1 Liberty Plaza
New York, NY 10006

**James E Millstein**
1 Liberty Plaza
New York, NY 10006

**George A Minski**
20803 Biscayne Blvd #200
Aventura, FL 33180

**Mark D Mittleman**
222 S Central #900
St Louis, MI 63105

**Arthur C Moller III**
2601 S Bayshore Dr #700
Miami, FL 33133

**Gerald A Mollica**
35 N College St
POD 958
Athens, OH 45701

**Jon A Mueller**
POB 7611
Washington, DC 20044

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**James J Murphy**
330 E Kilbourn Ave #1200
Milwaukee, WI 53202

**Donald R Murray**
PO Box 759
Kelispell, MT 59903

**Robert C Nall**
PO B 3345
Vero Beach, FL 32964

**Elmore D Nelson**
c/o Paul S Gregory
POB 345
Osborne, KS 67473

**Charles H Netter**
3624 Ponce de Leon Blvd
Coral Gables, FL 33134

**New Piper Aircraft Corporation**
c/o Calvin B Brown
POB 3686
Vero Beach, FL 32964

**Cisselon S Nichols**
POB 7611
Ben Franklin Station
Washington, DC 20044

**Nor East Aviation Services Inc**
New Bedford Municipal Airport
New Bedford, MA 02746

**Thomas A O'Rourke**
645 Madison Avenue
New York, NY 10022

**Eric Ostroff**
200 South Biscayne Blvd #3200
Miami, FL 33131

**P.B. Odom enterprises**
7204 S Pennsylvania
Oklahoma City, OK 73159

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Robert E Paige**
2151 Le Jeune Rd #309A
Coral Gables, FL 33134

**Jean W Panunzi**
591 Wall Street
Vero Beach, FL 32960

**E Glenn Parr**
1501 Wilson Blvd #835
Arlington, VA 22209

**Glenn Parr**
2926 Piper Dr
Vero Beach, FL 33961

**David E Paseltiner**
7600 Jericho Turnpike
Woodbury, NY 11797

**Darrell Payne**
201 S Biscayne Blvd #3200
Miami, FL 33131

**Paul F Peters**
11494 W Dodge Rd #700
Omaha, NE 68154

**Barbara L. Phillips**
25 SE 2 Ave #1139
Miami, FL 33131

**John R. Piper**
RD #1 Box 129A
Mill Hall, PA 17751

**Rodolfo Pittaluga Jr**
1 SE 3 Ave 28 Fl
Miami, FL 33131

**Richard L Powell**
POB 2211602
Martinez, GA 30917

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Premier Flight Services Ltd**
Conways Rd
Essex, England,

**Price Waterhouse**
c/o Jules I Bagdan
POB 43-2100
South Miami, FL 33243

**Thomas L Raleigh**
POB 231
Orlando, FL 32802

**William T. Ramsey**
150 4 Ave N #2000
Nashville, TN 37219

**Peter J Rathwell**
1 Arizona Ctr
Phoenix, AZ 85004

**Thomas B Reeve Jr**
600 W Broadway #2600
San Diego, CA 92101

**Martin Reidinger**
72 Patton Ave
Asheville, NC 28801

**William F Reilly**
POB 766
720 Clinton St
Waukesha, WI 53187

**Richard Renton et al**
c/o John S Kenny Esq
2701 Park Marina Dr
Redding, CA 96001

**John A Reschke**
123 N Wacker Dr
Chicago, IL 60606

**Brian G. Rich**
315 S Calhoun St #712
Tallahassee, FL 32301

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Paul W Richmond**
79 Vail Rd
Watertown, CT 06795

**Clay Roark**
POB 120429
Arlington, TX 76012

**Susan P Rosenfeld**
1320 S Dixie Hwy 3 Fl
Coral Gables, FL 33146

**Ruart Bearing Co**
c/o Jeremy Gilman Esq
850 Euclid Ave #1100
Cleveland, OH 44114

**Andrea A Ruff**
1205 Mt Vernon St
Orlando, FL 32803

**Richard K Rufner**
7887 E Belleview Ave #1275
Englewood, CO 80111

**Roderick S Russell**
261 Belle Vista Ct.
Lake Ozark, MO 65049

**Edwin F Russo**
250 Royal Palm Way
Palm Beach, FL 33480

**Conrad W Sanders**
8337 E Mustang Trail
Scottsdale, AZ 85258

**Andrew M Scherffius**
POB 53299
3166 Mathieson Dr
Atlanta, GA 30355

**Peter Schroeder**
1601 Elm St #1950
Dallas, TX 75201

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**John H Schulte**
200 S Biscayne Blvd #3150
Miami, FL 33131

**Brooke Schumm III**
250 W Pratt St
Baltimore, MD 21201

**Philip L Schwartz**
633 S Andrews Ave #203
Ft. Lauderdale, FL 33301

**John T Scott**
PO Box 14310
Monroe, LA 71207

**Jonathan C Scott**
999 Walt Whitman Rd
Melville, NY 11747

**Sedgwick James of Fl Inc**
555 Winderley Place
Maitland, FL 32751-7225

**Sedgwick James of Florida**
555 Winderley Place
Maitland, FL 32751-7225

**Robert I Shapiro**
9990 SW 77 Ave PH 7
Miami, FL 33156

**Dennis Shin**
525 W Monroe St #1600
Chicago, IL 60661

**Paul Steven Singerman**
200 S Biscayne Blvd #2950
Miami, FL 33131

**Charles H Smith**
300 Crescent Court #1100
Dallas, TX 75201

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Steven J Solomon**
2525 Ponce De Leon Blvd #400
Coral Gables, FL 33134

**William D Soman**
9000 Arvida Dr
Coral Gables, FL 33156

**William W Sommers**
W3847 Hwy 3
Cambria, WI 53923

**Spartech Plastics**
POB 758
Cape Girardeau, MO 63702

**Robert M Spaulding**
3400 Marine Midland Center
Buffalo, NY 14203

**Arthur Spector**
200 S Biscayne Blvd #1000
Miami, FL 33131

**Eleanor Lee St John**
5414 E 108 St
Tulsa, OK 74137

**Kenneth G Stansel**
616 32 Ter
Vero Beach, FL 32968

**Eugene E Stearns**
150 W Flagler St #2300
Miami, FL 33130

**Anthony Stefanon**
POB 12027
407 N Front St
Harrisburg, PA 17108

**Charles R Stepter Jr**
170 E Washington St
Orlando, FL 32801

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Herbert Stettin**
2 S Biscayne Blvd #3250
Miami, FL 33131

**Leonard E Strickland**
1805 31 Ave
Vero Beach, FL 32960

**James M Strommen**
470 Pillsbury Center
Minneapolis, MN 55402

**Paul G Summars**
POB 26350
Oklahoma City, OK 73126

**Sun Aviation Inc**
POB E
Vero Beach, FL 32961

**Swedish Aircraft Production A.B.**
c/o James D Silver
201 S Biscayne Blvd #2200
Miami, FL 33131

**Michael D Sydow**
1 Riverway #1950
Houston, TX 77056

**Mark A Sylvester**
2350 S Dixie Hwy
Miami, FL 33133

**Robert Szwajkos**
510 Walnut St #1800
Philadelphia, PA 19106

**Joel L Tabas**
25 S E 2 Ave #919
Miami, FL 33131

**Charles M Tatelbaum**
350 E Las Olas Blvd #1700
Ft. Lauderdale, FL 33301

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Telex Communications Inc**
9600 Aldrich Ave S
Minneapolis, MN 55421

**The Estate of Andrew Caradori**
c/o Bruce A Lampert
11870 Airport Way
Broomfield, CO 80021

**The Estate of Bary A Caradori**
c/o Bruce A Lampert
11870 Airport Way
Broomfield, CO 80021

**The Estate of John Westbrook**
c/o Bruce A Lampert
11870 Airport Way
Broomfield, CO 80021

**The Estates of Gerald & Barbara Coon**
c/o John F McClatchey Esq
125 Worth Ave #117
Palm Beach, FL 33480

**The Family of Rocky E. Vatnsdal**
c/o Rex A Hammarback
404 4 St NW #1B
POB 4
East Grand Forks, MN 56721

**Robby M Thorne**
1225 42nd Avenue
Vero Beach, FL 32960

**Robert E Venney**
201 S Biscayne Blvd #1500
Miami, FL 33131

**Venturini Caribbean Guardian**
3132 W Fl Ave
Hemet, CA 92545

**Andres Villareal**
901 Main Street #6000
Dallas, TX 75202

38

**William Vogel**
233 Wilshire Blvd #550
Santa Monica, CA 90401

**William F Vogel**
233 Wilshire Blvd #550
Santa Monica, CA 90401

**Julia A Wagner**
301 Clematis St #200
West Palm Beach, FL 33401

**Huey Walker**
1836 Hedden Pl
Vero Beach, FL 32966

**Jeannine A Webb**
c/o Joel M Allred Esq
68 S Main St #800
Salt Lake City, UT 84101

**Lorne Webster**
4000 Ace Lane #230
Lewisville, TX 75067

**Jane S Welch**
333 S 7 St #2000
Minneapolis, MN 55402

**Lloyd T Whitaker**
c/o Robert D Wilcox
POB 17006
Jacksonville, FL 32245

**Wichita Brass & Aluminum Foundry Inc**
POB 4144
Wichita, KS 67204

**Wiebel Tool Co**
101 Comsewogue Rd
E Setauket
New York, NY 11733

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**pJohn H Wilbur**
POB 58
112 W Adams St #1700
Jacksonville, FL 32201

**Philip E Wilson**
155 E Main St #200
Lexington, KY 40507

**Jeffrey C Wing**
2149 Centennial Plaza #1
Eugene, OR 97401

**Floyd A Wisner**
514 W State St #200
Geneva, IL 60134

**Arthur Wolk**
1710-12 Locust St
Philadelphia, PA 19103

**William Wonders**
11815 Fowlers Mill Rd
Chardon, OH 44024

**Paul M Wrubel**
585 Stewart Ave
Garden City, NJ 11530

**Vicki Zabel**
c/o Donald R Murray
POB 759
Kalispell, MT 59903

**Thomas M Zwilling**
322 Blvd of the Allies #700
Pittsburgh, PA 15222

**Ives de Richemont**
12BIS, Avenue Bosquet 75007
Paris France

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

# **<u>EXHIBIT A</u>**

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

Filing # 190332513 E-Filed 01/23/2024 12:29:59 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## PROBATE DIVISION

PIPER AIRCRAFT, INC.,

       Plaintiff,

v.                              CASE No.: 2024-000302-CP-02

HOWARD J. BERLIN, as Trustee of the Piper
Aircraft Corporation Irrevocable Trust u/a/d
July 17, 1995 (as amended),

       Defendant.

_____/

### SUMMONS

**THE STATE OF FLORIDA**:

TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and
a copy of the Complaint in this lawsuit on the defendant:

       Defendant:          Addresses:
       HOWARD J. BERLIN      200 S Biscayne Blvd., Suite 3200
                               Miami, FL 33131

                                 8875 Froude Ave
                                 Surfside, FL 33154

                                 2020 N Bayshore Dr, #2901
                                 Miami, FL 33137

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached Complaint with the clerk of this court. A phone call
will not protect you. Your written response, including the case number given above and the
names of the parties must be filed if you want the court to hear your side of the case. If you do
not file your response on time, you may lose the case, and your wages, money and property may
thereafter be taken without further warning from the Court. There are other legal requirements.
You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).If you choose to file a
written response yourself, at the same time you file your written response with the Clerk of the
Court, you must also mail or take a copy of your written response to the Plaintiff's attorney
named below:

Roselvin S. Edelman, Esq.
Florida Bar No. 92021
BUCHANAN INGERSOLL & ROONEY PC
One Biscayne Tower
Two South Biscayne Blvd., Suite 1500
Miami, FL 33131-1822
Tel: 305.347.5711
Primary e-mail: roselvin.edelman@bipc.com;
Secondary E-mail: kimberly.ecker@bipc.com
*Attorneys for Plaintiff, Piper Aircraft, Inc.*

1/23/2024
Dated on:   January _____, 2024.

JUAN FERNANDEZ-BARQUIN
Clerk of the Court and Comptroller
Juan Fernandez-Barquin,   Miami-Dade County Circuit and County
Clerk of the Court and Comptroller

By:_____ 60182
As Deputy Clerk   Guadalupe Fleitas

## AMERICANS WITH DISABILITIES ACT OF 1990 ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Alican Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

2

Filing # 190299595 E-Filed 01/23/2024 09:15:12 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
PROBATE DIVISION

PIPER AIRCRAFT, INC.,

        Plaintiff,

v.                              CASE NO.:

HOWARD J. BERLIN, as Trustee of the Piper   DIVISION:
Aircraft Corporation Irrevocable Trust u/a/d
July 17, 1995 (as amended),

        Defendant.

_____/

## COMPLAINT FOR JUDICIAL MODIFICATION OF TRUST AND RELATED RELIEF

COMES NOW, Piper Aircraft, Inc. ("Plaintiff" or "New Piper"), by and through its undersigned counsel, and hereby files its Complaint seeking judicial modification of the Piper Aircraft Corporation Irrevocable Trust dated July 17, 1995 (as amended) (the "Trust"), and related relief, against Howard J. Berlin, as Trustee of the Piper Aircraft Corporation Irrevocable Trust ("Defendant" or the "Trustee"), and in support thereof, alleges that:

## I.   Introduction

1.    This is an action pursuant to the Florida Trust Code, Chapter 736, Florida Statutes, including, but not limited to, Fla. Stat. § 736.04113, seeking judicial modification of the Trust to require a partial distribution of Trust assets to Plaintiff as the Trust's remainder beneficiary, and for related relief.

2.    The Trust was created in 1995 in conjunction with a plan of reorganization for the Piper Aircraft Corporation ("Old Piper"), which was at that time the debtor in a Chapter 11 bankruptcy case. The purpose of the Trust was to provide a mechanism by which certain current and future claims, including future products liability and personal injury claims relating to aircraft

manufactured by Old Piper, would be asserted and paid.  Any Trust assets remaining after the final distribution to the claimants, in accordance with the terms of the Trust, are required to be paid to Plaintiff.

3.      The Trust was, in significant part, funded by Plaintiff, and has now been in existence for over 28 years.  During its 28-year history, the claims made against the Trust and paid by the Trustee have significantly declined while the Trust's assets have grown.  As a result, the Trust has grown to an estimated $70 million in net value of assets,[1] which include substantial investment assets that require professional management.  The Trust incurs significant professional fees (including advisory board fees, investment consulting fees, accounting fees, legal fees and trustee fees) (together the "Trust Professional Expenses") to manage the Trust and its asset portfolio, notwithstanding that the number of claims and the amounts needed to satisfy any current and future claims are small.  As will be discussed in more detail below, the Trust is significantly overfunded by at least $60 million.

4.      The Trust has been amended multiple times, most recently on May 12, 2022, and has a current termination date of January 1, 2050.  Given the relevant statutes of limitation and repose, the number of viable claims to be satisfied by the Trust continues to dwindle as does the amount of the disbursements to claimants.  By maintaining a trust portfolio and excessive level of trust overhead that far exceeds the claims resolution purposes for which the Trust was created, the current level of Trust administration has become unnecessary, wasteful, and impracticable.

5.      For the reasons set forth herein, Plaintiff seeks a trust modification to permit a current distribution of the excess funds held by the Trust, which would permit Plaintiff, as the sole

---

[1] This estimate is based on recent financial reports provided by the Trust.

2

remainder beneficiary, to use the said excess funds for its business, while still preserving an appropriate amount of Trust assets to pay the decreasing number of current and future claimants that may exist, assuming there are any such claims not be yet barred by the statutes of limitation and repose as may be applicable.

## II.    Parties and Jurisdiction

6.      Plaintiff, Piper Aircraft, Inc., is a Florida corporation with its principal place of business in Vero Beach, Indian River County, Florida.  Plaintiff is the "Newco" referenced in the Trust's agreement as the remainder beneficiary.

7.      Defendant, Howard Berlin, is the Trustee of the Trust, is *sui juris,* and resides and maintains his principal place of business in Miami-Dade County, Florida.

8.      The Trust is an "irrevocable trust" with its principal place of administration in Miami-Dade County, Florida.  Pursuant to its terms, the Trust is governed by Florida law.

9.      The Court has personal jurisdiction over the Defendant pursuant to Fla. Stat. § 736.0202(2)(a)(1),(6) and (7).

10.      The Court has subject matter jurisdiction concerning this matter pursuant to Fla. Stat. §§ 736.0203, 736.0201(2), 736.0201(4), 736.04113, and 736.0206.

11.      Venue is proper in Miami-Dade County pursuant to Fla. Stat. § 736.0204(3) because the Trust has its principal place of administration in Miami-Dade County, and pursuant to Fla. Stat. § 47.011 because the Trustee resides and maintains his principal place of business in Miami-Dade County.

## III.    Background

12.      Piper Aircraft Corporation ("Old Piper") was a Pennsylvania corporation which began manufacturing aircraft beginning in the early 1930's.

3

13.     Old Piper encountered financial difficulties and filed for Chapter 11 bankruptcy in 1991.

14.     A Chapter 11 Plan was confirmed in July 1995. As part of this Plan, the assets of Old Piper were sold to Plaintiff (New Piper), and the Trust was established to facilitate the payment of claims including both existing and future products liability, property damage, and personal injury claims relating to aircraft designed, manufactured and sold by Old Piper prior to the confirmation date.

15.     Following the confirmation of the Plan and the formation of the Trust, all administrative claimants and all unsecured creditors were paid in full. The only remaining beneficiaries of the Trust were future tort claimants and the Plaintiff in this matter, as the remainder beneficiary.

16.     While the Trust defines the identity of the future claimants in detail, they are in essence individuals injured by aircraft manufactured and sold by Old Piper ("Future Claims"). Future Claims were channeled to the Trust in great part to protect Plaintiff (New Piper) from having such claims asserted against it.

17.     In 2002, the Trust went through a recomputation process (the "Recomputation") to determine if the funding of the Trust was sufficient to pay existing and future claimants. As a result of this process, Plaintiff was compelled to contribute an additional amount of approximately $10 million to the corpus of the Trust.

18.     During the 20 years since the Recomputation, the Trust has periodically received and processed claims from new claimants (for Future Claims as anticipated).

19.     However, due to the significant passage of time and the fact that allowable Future Claims only apply to aircraft manufactured prior to 1995, virtually all Future Claims which could

4

in theory be asserted against the Trust are now barred by the statute of limitations, the statute of repose and/or the General Aviation Revitalization Act of 1994 ("GARA").

20.    GARA is a federal statute of repose that bars civil lawsuits against the manufacturers of general aviation aircraft (carrying fewer than 20 passengers), and their component parts, thus shielding OEM manufacturers from liability for most accidents (including injury or fatality accidents) involving general aviation aircraft products that are more than 18 years old at the time of the accident. (*See* Public Law 103-298; 108 Stat. 1552; 49 U.S.C. § 40101 2(a) note). GARA was signed into law on August 17, 1994, just under one year before Piper Aircraft emerged from bankruptcy. As such, now that 28 years have passed since the bankruptcy confirmation date, GARA applies to any Future Claims asserted against Old Piper (*i.e.*, the Trust) in relation to the design, manufacture, and distribution of aircraft and aircraft parts by Old Piper. As a result, due to the passage of time, there is only a very small universe of potential claimants or viable claims remaining that may be asserted against the Trust.

21.    In addition, the Trustee has employed various strategies and defenses which have reduced the number of claims being allowed and paid by the Trust. This includes invoking GARA as a defense to bar claims in State and/or Federal Court,[2] and amending the Trust and Trust claims procedures over time.

22.    All of this is illustrated by the fact that in the last three and three-quarters calendar years, the Trust has only paid the following claim amounts:

      a.    Calendar year 2020: $450,000

---

[2] *See Intact Ins. Co. v. Piper Aircraft Corp. Irrevocable Trust*, No. 15-24792-CIV-KING/TORRES, 2017 WL 3328170 (S.D. Fla. Aug. 3, 2017), holding that GARA's 18-year statute of repose applies to all claims against the Trust/Old Piper, even when the accident occurs in a foreign country (Manitoba, Canada), because "the alleged negligent conduct asserted by the Plaintiff – i.e. the design, manufacture, and distribution of the aircraft - is a matter governed by the law of the United States, regardless of where the accident took place."

5

b.     Calendar year 2021: $125,000

c.     Calendar year 2022: -0- Dollars

d.     First three-quarters of Calendar year 2023: -0- Dollars

23.     By comparison, the Trust currently has a net asset value of approximately $70 million, and has expended during those same three and three-quarter years (2020 through the third quarter of 2023) an average of approximately $4,260,000 per year in annual Trust Professional Expenses to manage the Trust.  In short, the Trust's administrative expenses significantly exceed its payments to claimants.

24.     The Old Piper Chapter 11 bankruptcy case is closed, and has been closed since December 28, 2021.

25.     A true and correct copy of the original trust agreement is attached hereto as Exhibit A.

26.     On May 22, 2022, the Trustee amended the Trust pursuant to the powers provided in Section 11.8 of the Trust agreement.  The latest version of the Trust agreement, which constitutes the twelfth amendment (hereinafter, the "Trust Agreement"), is attached hereto as Exhibit B.

IV.     **Analysis of Future Claims and Statute of Repose**

27.     Old Piper designed, manufactured, and sold aircraft and related parts through 1995.

28.     The applicable Florida statute of limitations for most relevant personal injury claims is four (4) years. The Florida statute of repose for Products Liability (including wrongful death, personal injury, or property damage) is 12 years from the date of sale to the first purchaser. Fla. Stat. § 95.031(2)(b).

6

29.     As referenced above, the GARA repose period is 18 years from the date of the first sale of the aircraft.

30.     Accordingly, there is a very small number of potential Future Claims that could be asserted against the Trust that are not time barred by GARA, the Florida statute of repose or similar laws that will act as a limitation or complete bar to claims against the Trust/Old Piper.

**V.     Applicable Law**

31.     The Trust Agreement expressly states that it is governed by Florida trust law. *See, e.g.,* Exhibit B, Section 11.5 ("This Agreement shall be governed by, construed under and interpreted in accordance with the laws of the State of Florida, exclusive of its conflicts of law principles."); Section 7.6 ("…the liability of the Trustee and each member of the Advisory Board of the Trust shall be exculpated, eliminated or limited to the fullest extent permitted by or under Florida Trust Laws, as so amended."); and Section 7.8 (providing that the Trust shall indemnify the Trustee and the Advisory Board "against any and all losses, claims, … all to the fullest extent permitted by Section 145 of the Delaware General Corporation Law as of the date hereof or as it may be amended, and not prohibited by or inconsistent with Florida Trust Law.").

32.     The Florida Trust Code (Chapter 736, Florida Statutes) applies to express trusts and "trusts created pursuant to a law, judgment, or decree that requires the trust to be administered in the manner of an express trust." Fla. Stat. § 736.0102.

33.     The Trust Code provides that "[t]he circuit court has original jurisdiction in this state of all proceedings arising under this code," and allows the Circuit Court to intervene in the administration of a trust to, among other things, "determine any question arising in the administration or distribution of any trust." Fla. Stat. §§ 736.0203, 736.0201(4)(e).

7

34.    Section 4.5 of the Trust Agreement states that on the Final Distribution Date (as defined in the Trust Agreement), the Trustee shall distribute the remaining Trust assets (exclusive of amounts reserved to pay liabilities of the Trust) to the holders of Resolved Future Claims, *pro rata* in accordance with the terms and conditions set forth in the Trust Agreement, and "[a]ny Trust Assets remaining after the Distribution pursuant to the immediately preceding sentence shall be paid to NEWCO [*i.e.*, the Plaintiff]." *See* Exhibit B, at Section 4.5.

35.    The Trust shall terminate upon the earlier of: (A) a final court order terminating the Trust, that is no longer subject to rehearing, appeal or further review, or (B) January 1, 2050;[3] provided, however, that the Trustee shall pay all trust expenses and taxes, and make all distributions required by the Trust Agreement, including the final distribution to the Plaintiff, prior to termination. *See* Exhibit B, at Article 10.

36.    Pursuant to the foregoing provisions, Plaintiff is a "qualified beneficiary" of the Trust as defined by the Florida Trust Code, because Plaintiff would be: (i) the distributee or permissible distributee of trust income or principal if the interests of the current distributees terminated without causing the Trust to terminate; or (ii) the distributee or permissible distributee of trust income or principal if the Trust terminated in accordance with its terms. *See* Fla. Stat. § 736.0103(19)(b)-(c).

37.    As a qualified beneficiary of the Trust, Plaintiff has the right to apply for the judicial modification of the Trust under Fla. Stat. § 736.04113, and the right to receive annual accountings and "relevant information about the assets and liabilities of the trust and the particulars relating to administration" upon request under Fla. Stat. § 736.0813(d)-(e).

---

[3] The term of the Trust was originally anticipated to be 21 years. The original 21 year time frame was based on the GARA 18 year statute of repose plus an additional three years for claimants to file claims against the Trust per the applicable statute of limitations.

8

38.     The foregoing rights cannot be overridden by the Trust Agreement. *See* Fla. Stat. § 736.0105 ("The terms of a trust prevail over any provision of this code except: ...(j) The power of the court to modify or terminate a trust under ss. 736.0410-736.04115...(s) The duty under s. 736.0813(1)(c) and (d) ... to account to qualified beneficiaries except as otherwise provided in s. 736.0813(1)(d) [exceptions for family trust companies]...(t) The duty under s. 736.0813(1)(e) to respond to the request of a qualified beneficiary of an irrevocable trust for relevant information about the assets and liabilities of the trust and the particulars relating to trust administration...").

39.     Plaintiff has retained the undersigned law firm to represent it in these proceedings and reserves all rights pursuant to Fla. Stat. §§ 736.1004, 736.1005, and 736.1006 and Florida common law, to recover its fees and costs associated with said representation.

**COUNT I**
**Judicial Modification Under Fla. Stat. § 736.04113 – Partial Distribution to Plaintiff**

40.     Plaintiff re-asserts and incorporates the allegations in paragraphs 1 through 39 of this Complaint as though fully set forth at length herein.

41.     Plaintiff invokes the jurisdiction of this Court to determine questions regarding the administration and distribution of the Trust's assets, namely, the propriety of judicial modification of the Trust's terms in order to mitigate waste and protect the interests of the remainder beneficiary.

42.     Pursuant to Fla. Stat. § 736.04113(1), upon the application of any qualified beneficiary, the Court at any time may modify the terms of an irrevocable trust, if:

> (a) The purposes of the trust have been fulfilled or have become illegal, impossible, wasteful, or impracticable to fulfill.
>
> (b) Because of circumstances not anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of a material purpose of the trust; or
>
> (c) A material purpose of the trust no longer exists.

9

43.    Plaintiff, the remainder beneficiary of the Trust and a "qualified beneficiary" under Fla. Stat. § 736.0103(19)(b)-(c), seeks to modify the terms of the Trust Agreement to require a current, partial distribution of the Trust assets to the Plaintiff in an amount in excess of $60 million.

44.    As set forth in detail in paragraphs 2 through 19 of this Complaint, the purpose of the Trust was to provide sufficient assets to pay Future Claims arising from Old Piper's actions, (i.e. the design, manufacture, and distribution of aircraft and aircraft parts by Old Piper prior to the bankruptcy confirmation date) and to distribute the remaining balance to Plaintiff upon the termination of the Trust. At the time the Recomputation was conducted in 2002, it was believed that the property then held by the Trust, in addition to the additional funding provided by Plaintiff, would be commensurate with the value of potential future claims plus sufficient assets to cover the Trust's expenses and liabilities. However, with the passage of more than 28 years, the number and value of claims have proved significantly lower than the Trust's assets, resulting in a Trust that is now overfunded by approximately $60 million based on the estimated net asset value under management.

45.    The large Trust portfolio has required the Trustee to employ several professionals, including investment advisors, tax counsel and accountants, and attorneys to manage the large portfolio of assets, at significant expense.

46.    Meanwhile, the Future Claims that have actually been paid by the Trust have substantially dwindled and are now a small fraction of the administrative expenses to maintain the Trust. As reflected above, in the last three and three-quarters calendar years, the Trust has only paid the following claim amounts: Calendar year 2020: $450,000; Calendar year 2021: $125,000; Calendar year 2022: -0- Dollars; First three-quarters Calendar year 2023: -0- Dollars. Plaintiff

10

estimates that the Trust needs less than $7.0 million to pay any currently pending or additional Future Claims.[4]

47.    The size of the Trust has made its current administration patently and unnecessarily wasteful. However, if the Trust contained significantly fewer assets and incurred less overhead, the administrative expenses would be commensurately reduced while still maintaining more than sufficient funding to pay any potential Future Claims and reasonable ongoing professional fees, Trustee, and advisory board fees.

48.    Should the Trust proceed on its current trajectory, the Trust will continue using assets to pay administrative expenses and professional fees to the detriment of the remainder beneficiary, the Plaintiff. As such, compliance with the current terms of the Trust would defeat or substantially impair the accomplishment of a material purpose of the Trust: the distribution of assets that are not needed for claims resolution to Plaintiff upon trust termination.

49.    At the time the Trust was created, the settlor, Old Piper, did not and could not anticipate that the Trust would be over-funded by more than $60 million while potential future claims dwindled to their current level; nor did Old Piper anticipate that the value of the Trust assets would reach an amount that would cause the payment of administrative expenses exceeding $4.2 million a year after the expiration of the statute of limitations and statute of repose periods had significantly reduced the number of claims being asserted.

50.    Moreover, it is clear that none of the parties involved in the Recomputation process in 2002 anticipated that the Trust was overfunded. In fact, the opposite appears to be true, and New Piper was compelled to pay an additional amount of approximately $10 million into the Trust.

---

[4] This estimate is based on currently available claims payment information. It is anticipated that a significantly lower amount is actually required.

11

New Piper's infusion of additional corpus into the Trust is, in part, why Trust investments were able to grow to their current value.

51.    Pursuant to Fla. Stat. § 736.04113(2), under the foregoing circumstances, the Court may:

>    (a) Amend or change the terms of the Trust, including terms governing distribution of the Trust income or principal or terms governing administration of the Trust;
>
>    (b) Terminate the Trust in whole or in part;
>
>    (c) Direct or permit the Trustee to do acts that are not authorized or that are prohibited by the terms of the Trust; or
>
>    (d) Prohibit the Trustee from performing acts that are permitted or required by the terms of the Trust.

52.    Plaintiff requests that the Court amend the terms of the Trust Agreement governing the distribution of income and principal, and direct the Trustee to make a partial distribution to Plaintiff of at least $60 million, or such other amount the Court finds appropriate, upon considering: (i) the terms and purposes of the Trust; (ii) the facts and circumstances surrounding the creation of the Trust; and (iii) extrinsic evidence relevant to potential Future Claims that are not barred by GARA and/or the applicable statute of limitations or statute of repose, and analyses of the amount reasonably needed to satisfy potential Future Claims and the Trust's future administrative expenses. *See* Fla. Stat. § 736.04113(3)(a).

WHEREFORE, Plaintiff respectfully requests that the Court enter a Final Judgment modifying the terms of the Trust Agreement to provide for a current, partial distribution of income and principal to Plaintiff in the amount of at least $60 million; awarding Plaintiff its reasonable attorneys' fees and costs pursuant to Chapter 736, Florida Statutes and applicable case law; and granting such other and further relief as this Court deems just and appropriate.

12

## COUNT II
### Review of Trust Administrative Expenses
### Under Fla. Stat. §§ 736.0206 and 736.0201

53.    Plaintiff re-asserts and incorporates the allegations in paragraphs 1 through 39 of this Complaint as though fully set forth at length herein.

54.    The Trustee is currently employing several professionals, including investment advisors, tax counsel, and accountants to manage the Trust and its assets, at significant monetary expense.

55.    By way of example, for the calendar years 2020, 2021, 2022 and the first three-quarters of 2023, the Trust paid a total of $15,988,943.00 in Trust Professional Expenses. Thus, the annual average amount paid on the foregoing fees during this 3.75-year period was $4,263,718.00 per year.

56.    In contrast, during the same period (2020, 2021, 2022 and Q1-Q3 of 2023), the Trust paid a total of $575,000.00 on claims. Thus, the annualized amount paid on claims during this 3.75-year period was only $153,333.00 per year.

57.    It is clear that the Trust's current administrative expenses far exceed the purpose of the Trust (i.e., the payment of legitimate claims) and will reduce the value of the Trust property at termination, if it continues at this rate, to the detriment of Plaintiff.

58.    Plaintiff is reasonably concerned that if the Trust's administrative expenses are not decreased and instead continue on the current trajectory (i.e., $4,263,718.00 annual average plus future increases, if any), the remaining Trust property will be reduced before the January 1, 2050 termination date, leaving little or nothing for distribution to Plaintiff.

59.    A smaller trust corpus will result in a decrease in the Trust's administrative expenses and professional fees required to manage the Trust and its asset portfolio.

13

60.     Pursuant to Fla. Stat. § 736.0201(4), Plaintiff may request the Court to determine questions regarding the administration and distribution of the Trust's assets and to provide instructions to the Trustee with respect to the trust property.

61.     Furthermore, pursuant to Fla. Stat. § 736.0206(1), the Court "may review the propriety of the employment by a trustee of any person, including any attorney, auditor, investment adviser, or other specialized agent or assistant, and the reasonableness of any compensation paid to that person or to the trustee." In this regard, "[t]he burden of proof of the propriety of the employment and the reasonableness of the compensation shall be on the trustee and the person employed by the trustee." Fla. Stat. § 736.0206(3).

62.     In light of the significant administrative expenses that are being incurred by the Trust, and the potential for said expenses to materially impact the value of the Trust's assets, the Court should review the Trust Professional Expenses and determine whether said professional fees and administrative expenses are reasonable in light of the current circumstances of the Trust, and any partial distribution awarded under Count I hereof, in accordance with the provisions of Fla. Stat. § 736.0206.

63.     The Court's review of the Trust Professional Expenses and other administrative expenses is necessary to minimize waste and preserve the Trust assets and corpus both for ongoing claims disbursements and the ultimate distribution to Plaintiff upon termination of the Trust on or before January 1, 2050.

WHEREFORE, Plaintiff requests that the Court review the Trust Professional Expenses and other administrative expenses of the Trust, determine said amounts are reasonable in light of the current circumstances of the Trust, taking into account any partial distribution awarded under Count I hereof, and provide instruction to the Trustee with respect to the reasonableness of

14

administrative expenses on a going forward basis, in accordance with the provisions of Fla. Stat.

§ 736.0206; award Plaintiff its reasonable attorneys' fees and costs pursuant to Chapter 736,

Florida Statutes and applicable case law, and grant such other and further relief as this Court deems

just and appropriate.

     Dated this 23rd day of January, 2024.

                */s/ John D. Emmanuel*_____

                John D. Emmanuel, Esq.
                Florida Bar No. 0475572
                john.emmanuel@bipc.com
                BUCHANAN INGERSOLL & ROONEY PC
                401 East Jackson Street, Suite 2400
                Tampa, FL 33602
                Tel: (813) 222-8180
                Fax: (813) 222-8189

                and

                */s/ Roselyin S. Edelman*_____
                Roselyin S. Edelman, Esq.
                Florida Bar No. 92021
                roselyin.edelman@bipc.com
                BUCHANAN INGERSOLL & ROONEY PC
                One Biscayne Tower
                Two South Biscayne Blvd., Suite 1500
                Miami, FL 33131-1822
                Tel: (305)347-5711
                *Attorneys for Plaintiff, Piper Aircraft, Inc.*

15